**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| v. | |
| **KENNETH SMUKLER** | **NO. 17-563-02** |

DuBois, J.                                                                                                               July 30, 2018

**M E M O R A N D U M**

### I. INTRODUCTION

On October 24, 2017, a federal grand jury in the Eastern District of Pennsylvania named defendant Kenneth Smukler and co-defendant Donald "D.A." Jones in a six count Indictment charging violations of the Federal Election Campaign Act ("FECA"). On March 20, 2018, the Government filed a Superseding Indictment charging additional violations of FECA. The Superseding Indictment charges Smukler with: participation in a conspiracy in violation of 18 U.S.C. § 371 (Count I); causing unlawful campaign contributions in violation of 52 U.S.C. §§ 30109(d)(1)(A)(i), 30116(f), and 18 U.S.C. § 2 (Counts II & VII); causing false campaign reports in violation of 52 U.S.C. §§ 30104(a)(1), 30104(b)(5)(A), 30109(d)(1)(A)(i), and of 18 U.S.C. § 2 (Counts III, IV & X); causing false statements in violation of 18 U.S.C. §§ 2 and 1001(a)(1) (Count V & VI); making contributions in the name of another in violation of 52 U.S.C. §§ 30109(d)(1), 30116(f), 30122, and 18 U.S.C. § 2 (Counts VIII & IX); obstruction of a pending agency proceeding in violation of 18 U.S.C. §§ 2 and 1505 (Count XI).

Presently before the Court is Defendant Kenneth Smukler's Motion to Compel Discovery Under Rule 16 or, in the Alternative, for Issuance of Subpoenas Under Rule 17. For the reasons that follow, the Motion is denied.

## II. BACKGROUND

The Superseding Indictment charges defendant with campaign finance violations in connection with two congressional campaigns: (1) the 2012 congressional primary campaign of United States Representative Robert Brady ("Brady") and (2) the 2014 congressional primary campaign of Marjorie Margolies. The Court summarized the charges at length in its Memorandum dated July 13, 2018. It does so in this Memorandum only as necessary to explain its rulings.

In his Motion to Compel or in the Alternative for Issuance of Subpoenas, defendant seeks documents from the Federal Election Commission ("FEC"), Perkins Coie attorney Karl Sandstrom, and Marjorie Margolies.[1]

---

[1] The full list of documents that defendant seeks is as follows:

From the FEC, defendant seeks:

1) All documents related to the campaign committees "Brady for Congress" and/or "Jimmie Moore for Congress" pertaining to any investigation, inquiry, or review undertaken by the FEC;
2) All documents related to any investigation, inquiry or review undertaken by the FEC of Marjorie 2014, including but not limited to FEC Matter Under Review 6811, FEC case number ADR 775, and any communications between Karl Sandstrom, Esq. and the FEC related to Marjorie 2014;
3) All documents pertaining to Kenneth Sumkler; and
4) All documents communicating, referring or relating to guidance issued by the FEC regarding the reporting of refunds, rebates, or other offsets to operating expenditures by campaign committees, including but not limited to vendor refunds of unspent disbursements, vendor refunds of general election monies disbursed to the vendor in advance of a primary election, and vendor refunds of primary election monies disbursed to the vendor in advance of a primary but refunded after the candidate lost the primary.

From Margolies and Sandstrom, defendant seeks:

1) All documents that refer or relate to the FEC investigation of the campaign committee of Marjorie 2014. For the purposes of this request, that investigation should be understood to include any inquiry into the complaint that Daylin Leach filed against Marjorie 2014, FEC Matter Under Review No. 6811, and/or ADR Case No. 775.
2) All communications that refer or relate to the FEC investigation between Ms. Margolies and third parties, including any individuals associated with the Democratic National Committee, Hillary Clinton, and/or organizations or individuals supporting Ms. Clinton's Presidential campaign, including but not limited to attorneys at Perkins Coie representing any such organizations or individuals.
3) Documents sufficient to show whether Mr. Sandstrom represents or represented Ms. Margolies in her personal capacity.
4) All communications between Ms. Margolies and the U.S. department of Justice that refer or relate to the investigation, prosecution or potential prosecution of Ms. Margolies, Mr. Sandstrom, Jennifer May, and/or Mr. Smukler, including but not limited to communications related to the grant of immunity to Ms.

## III. APPLICABLE LAW

### A. Discovery Under Rule 16

Discovery in criminal cases is governed by Federal Rule of Criminal Procedure 16. "In contrast to the wide-ranging discovery permitted in civil cases, Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994).

Upon request, Rule 16 requires the government must "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items," subject to certain limitations. Fed.R.Crim.P. 16(a)(1)(E). This obligation only arises "if the item is within the government's possession, custody, or control and: (1) the item is material to preparing the defense; (2) the government intends to use the item in its case-in-chief at trial; or (3) the item was obtained from or belongs to the defendant." Fed.R.Crim.P. 16(a)(1)(E).

---

Margolies or any other cooperation between Ms. Margolies and the government.
5) Mr. Sandstrom's files related to his representation of Marjorie 2014 and/or Mr. Smukler;
6) All documents referring or relating to Ms. Margolies or the campaign committee Marjorie 2014, including any communications between Mr. Sandstrom and Ms. Margolies;
7) All documents referring or relating to the FEC investigation;
8) Any and all documents referring or relating to Mr. Smukler;
9) All communications between Mr. Sandstrom and third parties referring or relating to Ms. Margolies, the campaign committee, the FEC investigation, and/or Mr. Smukler, including communications between Mr. Sandstrom and individuals associated with the Democratic National Committee, Hillary Clinton, and/or organizations and individuals supporting Ms. Clinton's presidential campaign, including but not limited to other attorneys at Perkins Coie representing any such persons or entities.
10) Communications between Mr. Sandstrom and the U.S. Department of Justice and/or USAO referring or relating to the investigation and/or prosecution or potential prosecution of Ms. Margolies, Mr. Sandstrom, Jennifer May, or Mr. Smukler, including but not limited to communications related to any offer or potential offer of immunity to Mr. Sandstrom or any other cooperation between Mr. Sandstrom and the government.
11) Any subpoena issued to Mr. Sandstrom in connection with *United States v. Kenneth* Smukler, and any documents produced in connection with that subpoena.

B. Rule 17(c)

Federal Rule of Criminal Procedure 17(c) governs the use of subpoenas to obtain documentary evidence in criminal cases. To obtain pretrial production materials from a third party witness under Rule 17(c), defendant bears the burden of showing:

> "(1) That the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Cuthbertson*, 630 F.2d 139, 145 (3d Cir. 1981)(quoting *United States v. Nixon*, 418 U.S. 683, 699–700 (1974)).

Rule 17(c) was not intended to be a broad discovery device, which would "undercut[] the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16." *Cuthbertson*, 630 F.2d at 146. Accordingly, defendant must present more than his or her "own subjective belief (i.e. hope) that he or she may find something useful by casting a subpoena upon the waters." *United States v. Eisenhart*, 43 Fed. App'x 500, 505 (3d Cir. 2002).

**IV. DISCUSSION**

A. Rule 16 Discovery

The issue, for the purposes of this motion, is whether documents in the possession, custody, or control of the FEC, Margolies, and Sandstrom, should be considered to be in the possession, custody, or control of the prosecutors in this case.

With respect to the FEC documents, defendant took the position in his Motion to Compel that, because coordination necessarily took place between the FEC and the DOJ in the instant prosecution, the Government is required to produce documents from the FEC. The Government responded that the FEC played no role in defendant's prosecution and that, as a consequence, the Government is not required to produce FEC documents. Based on the Government's

4

representations in its Motion, counsel for defendant acknowledged during a telephone conference with the Court on July 12, 2018, that defendant is not entitled to obtain FEC documents directly from the Government. Accordingly, the Court denies the Motion to Compel with respect to the FEC documents.

Turning to the Margolies and Sandstrom documents defendant seeks to obtain from the Government, defendant argues that such documents are discoverable under Rule 16 because Margolies and Sandstrom "appear to be cooperating with the prosecution in this case" and thus, the Government has "the power to secure them." Def.'s Mot. to Compel at 7 (citing *United States v. Meija*, 448 F.3d 436, 444 (D.C. Cir. 2006)). The Court rejects this argument.

The Third Circuit has not addressed the phrase "possession, custody, or control" under Rule 16; however, in the *Brady* context, the Third Circuit developed a test for determining, on a case-by-case basis, whether the government is required to produce materials from other government agencies or individuals involved in the prosecution of defendant. *See United States v. Reyeros*, 537 F.3d 270, 282 (3d Cir. 2008); *see also United States v. Norris*, 753 F.Supp. 2d 492, 530 (E.D. Pa. 2010) (applying *Reyeros* to Rule 16 discovery). In conducting the case-by-case analysis, a court should analyze:

> (1) Whether the party with knowledge of the information is acting on the government's 'behalf' or is under its 'control'; (2) the extent to which state and federal governments are part of a 'team,' are participating in a 'joint investigation' or are sharing resources; and (3) whether the entity charged with constructive possession has 'ready access' to the evidence.

*Norris*, 753 F. Supp. 2d at 530 (quoting *Reyeros*, 537 F.3d at 282. However, "the mere fact that documents *may* be obtainable is insufficient to establish constructive possession and instead, there must be a "showing that evidence is possessed by people engaged in the investigation or prosecution of the case." *Id.* (quoting *Reyeros*, 537 F.3d at 284) (emphasis added)).

5

Defendant has presented no evidence—other than his bare assertion that Sandstrom and Margolies are cooperating witnesses—that either party is acting on behalf of the Government or is part of the Government's investigative team. The mere fact that a witness has provided information to the Government does not place that person under the control of the Government or on the prosecution team. *See, e.g.*, *United States v. Graham*, 484 F.3d 413, 414 (6th Cir. 2007) (concluding Government's obligations under *Brady* do not extend to unindicted co-conspirator who was cooperating witness); *United States v. Munchak*, 2014 WL 3557176, at *14 – 15 (M.D. Pa. July 17, 2014) (rejecting argument that cooperating witness qualifies as member of prosecution team); *United States v. Salahuddin*, No. 10-CR-104, 2012 WL 2952436, at * 24 (D.N.J. July 19, 2012) (rejecting defendant's argument that cooperating witness was acting under Government's control or was part of the investigative team).[2] Accordingly, the Government is not required to turn over materials in the possession of its witnesses, Margolies and Sandstrom.

Moreover, the Government states that it has already produced any materials obtained from the Margolies campaign, Margolies herself, and Sandstrom. Govt.'s Resp. Opp. Mot. to Compel at 9 n. 8. The Court is satisfied that, based on this representation, the Government has complied with its discovery obligations with respect to the disclosure of documents received from Margolies and Sandstrom. Beyond this, for the reasons stated above, the Government is not required to produce documents from these witnesses which are not in its possession. *Meija*, *Meija*, 448 F.3d at 444 ("the government's obligation was to comply with Rule 16, and . . . it did so").

---

[2] Defendant relies on *United States v. Stein*, 448 F.Supp. 2d 350 (S.D.N.Y. 2007), in which the district court held that materials in a corporation's files were within the Government's "control," requiring disclosure under Rule 16, because the corporation was subject to a deferred prosecution agreement which gave the government the legal right to obtain any documents from the corporation. Defendant has not produced any evidence that an agreement similar in kind—giving the Government the legal right to obtain any documents from either Margolies or Sandstrom—exists in this case. *See, e.g.*, *United States v. Lynn*, No. 09-CR-279, 2011 WL 13261841, at *3 (W.D. Pa. June 27, 2011) (declining to extend *Stein* to require disclosure under Rule 16 where, *inter alia*, government lacked unqualified right to demand information from cooperating witness).

B. Pretrial Production of Documents by Subpoena Under Rule 17(c)

In the alternative, defendant seeks permission to subpoena documents directly from the FEC, Sandstrom and Margolies pursuant to Rule 17(c). The Court denies that request on the ground that defendant fails to show that he "cannot properly prepare for trial without such production and inspection" or that his request for documents "is not intended as a general fishing expedition." *Cuthbertson*, 630 F.2d at 145.[3]

Defendant asserts generally that the documents requested are "material not only for impeachment purposes, but also with respect to affirmative elements of the charges that involve alleged conduct by those individuals." Def.'s Mot. to Compel at 10. With respect to defendant's contention that the materials are relevant for impeachment purposes, [c]ourts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment." *United States v. Cherry*, 876 F.Supp. 547, 553 (S.D.N.Y. 1995) (collecting cases); *see also United States v. Merlino*, 349 F.3d 144, 155 (3d Cir. 2003) ("As for the District Court's rejection of the rule 17(c) subpoena, defendants acknowledge that impeachment material is generally not subject to pre-trial disclosure under the Rule.").

Moreover, defendant's broad assertions that the requested discovery is material are insufficient to warrant issuance of subpoenas under Rule 17(c). *United States v. Mills*, No. 17-CR-122, 2018 WL 1382647, at *6 (W.D. Pa. Mar. 19, 2018) ("materiality to the preparation of the defense . . . means more than that the evidence in question bears some abstract logical relationship to the issues in the case.") (internal quotations omitted)); *see also Nixon*, 418 U.S. at 700 ("A subpoena must refer to materials sought with specificity."). As to defendant's contention that the documents are material to affirmative elements of the charges, including that certain

---

[3] The Court declines to deviate from the standard articulated by the Third Circuit in *Cuthbertson*, as defendant encourages it to do.

7

documents from the FEC will "potentially support a willfulness defense," the Court concludes that this is not a basis for issuance of a Rule 17(c) subpoena. In *United States v. Totoro*, No. 15-CR-291, 2017 WL 3189216, at * 18 (E.D. Pa. July 27, 2017), the court rejected a similar argument where defendant sought electronic communications which would have allowed him to present evidence that he lacked the requisite intent. The district court held that it was the Government's burden to establish defendant's intent and if the Government failed to do so, "that obviate[d] the need for [defendant] to receive" the requested information. *Id.*

Finally, the overbroad nature of the requests collectively evince that defendant's subpoena requests are not made in good faith, but are rather intended as a general "fishing expedition." *Cuthbertson*, 630 F.2d 139 (quoting *Nixon*, 418 U.S. at 699–700).

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Compel Discovery Under Rule 16 or, in the Alternative, for Issuance of Subpoenas Under Rule 17 is denied. An appropriate order follows.