## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into between the Board of Ethics of the City of Philadelphia ("Ethics Board"), the Friends of Bob Brady, the Hon. Bob Brady, and Richard Maccarone (collectively, the "Brady Committee"). The Ethics Board and the Brady Committee are referred to jointly as "the Parties."

### RECITALS

A.  The Philadelphia Board of Ethics is an independent board that was established by Charter amendment, approved by voters, and installed on November 27, 2006. It is charged with providing ethics training for all city employees and enforcing city campaign finance, financial disclosure and conflict of interest laws. The Board has the authority to render advice, investigate complaints and issue fines.

B.  Friends of Bob Brady is the candidate committee of former City of Philadelphia Mayoral candidate Bob Brady.

C.  Bob Brady was a candidate for Mayor in the 2007 primary election.

D.  Richard Maccarone is the treasurer of the Friends of Bob Brady candidate political committee.

E.  Because the Brady Committee's 2007 campaign finance reports for cycles 2, 3, and 7 disclosed contributions and expenditures related to candidates for city office, the Brady Committee was required to electronically file copies of those campaign finance reports with the Ethics Board, via the Philadelphia Department of Records, pursuant to §20-1006 of the city's campaign finance law.

F.  The making of a material omission or misstatement in any campaign finance report filed with the Ethics Board pursuant to §20-1006 of the City's campaign finance law constitutes a violation of Chapter 20-600 (Standards of Conduct and Ethics). Such violations are subject to enforcement and the imposition of penalties by the Ethics Board.

G.  In calendar year 2007, contributions to candidates for Mayor from political committees were limited to $20,000, pursuant to §20-1001(2) of the City's campaign finance law. Contributions from individuals were limited to $5,000. The acceptance by a candidate of a contribution in excess of the limit set by §20-1001(2) is punishable by a civil penalty in the amount set forth in §20-612.

H.    Contributions include "[m]oney, gifts, forgiveness of debts, loans, or things having a monetary value incurred or received by a candidate or his/her agent for use in advocating or influencing the election of the candidate," pursuant to §20-1001(6) of the City's campaign finance law.

I.    Section 20-1003 of the City's campaign finance law provides that a candidate for City elective office may have no more than one political committee and one checking account for the City office being sought, into which all contributions for such office shall be made, and out of which all expenditures for that office shall be made. If a candidate maintains other accounts, funds collected in those accounts may not be used to influence the outcome of a covered election.

J.    In February 2007, pursuant to its mandate, the Ethics Board commenced an investigation into contributions received and expenditures made by the Brady Committee in 2006 and 2007.

K.    During the course of its investigation, the Ethics Board obtained bank records and other documents through Administrative Subpoenas, deposed witnesses, and reviewed campaign finance reports filed by multiple committees.

L.    Ever since retaining new counsel in September 2008, the Brady Committee has cooperated fully with the Ethics Board's investigation and has actively tried to mitigate all violations that the Ethics Board has brought to its attention. Prior to September 2008, the Brady Committee was less cooperative, which had the effect of delaying the Ethics Board's investigation.

M.    In September 2008, representatives from the Ethics Board and the Brady Committee met on several occasions to discuss the Brady Committee's violations of Philadelphia's campaign finance laws. Since then, the Brady Committee has promptly reported to the Ethics Board all additional omissions it has discovered.

N.    Through its investigation, the Ethics Board identified the eighteen violations of the City's campaign finance law by the Brady Committee.

O.    On May 15, 2007, the Brady Committee incurred a debt of $13,550 to Penns Landing Caterers. The Brady Committee did not disclose the debt in the 2007 cycle 3 campaign finance report it filed with the Ethics Board. On December 1, 2007, the Appreciation Fund paid the Brady Committee's debt to Penns Landing Caterers. The Brady Committee did not disclose a December 1, 2007 in-kind contribution of $13,550 from the Appreciation Fund in its amended 2007 cycle 7 report. *See* Paragraphs 1 – 2.2, below.

P.    During the 2007 primary election, two companies run by Ken Smukler – Voterlink and Black Blue Media - provided consulting services to the Brady Committee. On April 13, 2007, then candidate Brady used his congressional candidate committee – Bob Brady for Congress – to pay an invoice from Voterlink for $10,000 and an invoice from Black Blue Media for $10,000. Section 20-1003 of the Philadelphia Code prohibits candidates for City office from using more than one political account to make expenditures influencing a covered election. In addition, the payment by Brady for Congress for services provided to Friends of Bob Brady was an in-kind contribution. However, the Brady Committee did not disclose an April 13, 2007 in-kind contribution of $20,000 from Brady for Congress in the 2007 cycle 2 campaign finance report it filed with the Ethics Board. Moreover, because Brady for Congress had made a contribution of $20,000 to Friends of Bob Brady on January 4, 2007, the April 13, 2007 in-kind contribution from Brady for Congress exceeded the limits imposed by §20-1002 of the Philadelphia Code by $20,000. *See* Paragraphs 3 – 5.1, below.

Q.    In the 2007 cycle 3 campaign finance report it filed with the Ethics Board, the Brady Committee disclosed a May 8, 2007 in-kind contribution of $20,000 from the Finance Committee of the Philadelphia Democratic Executive Committee. The Ethics Board's investigation revealed that the Finance Committee had paid a vendor called Powell Phones to provide voter identification data to the Brady Campaign. However, the amount Powell Phones actually charged was $23,921.95, not $20,000. Therefore, the true amount of the in-kind contribution from the Finance Committee to the Brady Committee was $23,921.95, which exceeded the limits imposed by §20-1002 of the Philadelphia Code by $3,921.95. *See* Paragraphs 6 – 7.2, below.

R.    On August 17, 2007, Fumo for Senate loaned the Brady Committee $50,000. Under the City's campaign finance law, loans are considered contributions. Because Fumo for Senate had made an in-kind contribution of $20,000 to the Brady Committee on May 14, 2007, the August 17 loan from Fumo for Senate exceeded the limits imposed by §20-1002 of the Philadelphia Code by $50,000. *See* Paragraphs 8 – 8.2, below.

S.    On December 29, 2006, the Finance Committee of the Philadelphia Democratic Executive Committee made a contribution of $20,000 to the Brady Committee. The Brady Committee did not disclose the December 29, 2006 contribution from the Finance Committee in the 2006 cycle 7 campaign finance report it filed with the Ethics Board. *See* Paragraphs 9 – 9.2, below.

T.    During and after the 2007 primary election, the law firm of Willig, Williamson, &
      Davidson provided legal services to the Brady Committee. By April 30, 2007, the
      Brady Committee owed the firm $48,284.47. However, the Brady Committee did
      not disclose that debt in the 2007 cycle 2 campaign finance report it filed with the
      Ethics Board. By June 4, 2007, the Brady Committee owed the firm $61,858.34.
      However, the Brady Committee did not disclose that debt in its 2007 cycle 3 report.
      By December 31, 2007, the Brady Committee owed the firm $84,314.78. However,
      the Brady Committee did not disclose that debt in its initial 2007 cycle 7 report. The
      Brady Committee incorrectly disclosed a debt of $39,620 owed to Willig,
      Williamson, & Davidson in its amended 2007 cycle 7 report.
      *See* Paragraphs 10 – 13.2, below.

U.    During the 2007 primary election, the Brady Committee retained the law firm
      Cozen O'Connor to defend it against a ballot challenge by then candidate Tom
      Knox. By June 4, 2007, the Brady Committee owed Cozen O'Connor $377,823.31.
      However, the Brady Committee did not disclose that debt in the 2007 cycle 3
      campaign finance report it filed with the Ethics Board.
      *See* Paragraphs 14 – 14.2, below.

V.    As of December 31, 2007, the Brady Committee owed 2040 Market St. Associates
      $30,000 for rent. However, the Brady Committee did not disclose that debt in the
      initial 2007 cycle 7 campaign finance report it filed with the Ethics Board.
      *See* Paragraphs 15 – 15.1, below.

W.    On October 12, 2007, Local 98 COPE made a contribution of $10,000 to the Brady
      Committee. The Brady Committee did not disclose that contribution in the amended
      2007 cycle 7 campaign finance report it filed with the Ethics Board.
      *See* Paragraphs 16 – 16.2, below.

X.    On, September 14, 2007, the Laborer's District Council made a contribution of
      $10,000 to the Brady Committee. The Brady Committee did not disclose that
      contribution in the amended 2007 cycle 7 campaign finance report it filed with the
      Ethics Board.
      *See* Paragraphs 17 – 17.2, below.

Y.    On, October 26, 2007, the PFT Committee to Support Public Education made a
      contribution of $10,000 to the Brady Committee. The Brady Committee did not
      disclose that contribution in the amended 2007 cycle 7 campaign finance report it
      filed with the Ethics Board.
      *See* Paragraphs 18 – 18.2, below.

Z.   In January 2008, the Brady Committee hired a forensic accountant to thoroughly review its bank records and campaign finance reports. The accountant discovered numerous additional undisclosed contributions and expenditures. The Brady Committee has provided the Ethics Board with a full accounting of these omissions. A schedule of the omissions discovered by the Brady Committee's accountant is attached hereto as Exhibit A. The Ethics Board does not know whether, without the stimulus of its investigation, the Brady Committee would have made known these significant and extensive omissions. However, the Ethics Board considers the Brady Committee's voluntary disclosure of the violations to be a compelling mitigating factor when assessing appropriate penalties in this case.
*See* Paragraphs 19 – 19.1, below.

AA.  The Parties desire to enter into this Agreement in order to resolve the violations described herein.

**AGREEMENT**

The Parties agree as follows:

1.   The Brady Committee admits that it failed to disclose in its 2007 cycle 3 campaign finance report a debt of $13,550 owed to Penns Landing Caterers, thereby violating §20-1006(4) of the Philadelphia Code.

   1.1.   The Brady Committee agrees to pay a civil penalty of $1,000 for failing to disclose the debt of $13,550 owed to Penns Landing Caterers in its 2007 cycle 3 campaign finance report.

   1.2.   The Brady Committee agrees to amend its 2007 Cycle 3 campaign finance report to disclose the debt of $13,550 owed to Penns Landing Caterers.

2.   The Brady Committee admits that it failed to disclose in its amended 2007 cycle 7 campaign finance report an in-kind contribution of $13,550 from the Appreciation Fund for payment of the Friends of Bob Brady's Penns Landing Caterers debt, thereby violating §20-1006(4) of the Philadelphia Code.

   2.1.   The Brady Committee agrees to pay a civil penalty of $1,500 for failing to disclose an in-kind contribution of $13,550 from the Appreciation Fund in its amended 2007 cycle 7 campaign finance report.

   2.2.   The Brady Committee agrees to amend its 2007 Cycle 3 campaign finance report to disclose an in-kind contribution of $13,550 from the Appreciation Fund.

3.  The Brady Committee admits that it used Bob Brady for Congress to pay Voterlink and Black Blue Media for work done for Friends of Bob Brady, thereby violating §20-1003 of the Philadelphia Code.

   3.1.  The Brady Committee agrees to pay a civil penalty of $1,500 for using Bob Brady for Congress to pay Voterlink and Black Blue Media for work done for Friends of Bob Brady.

4.  The Brady Committee admits that it failed to disclose in its 2007 cycle 2 campaign finance report an April 13, 2007 in-kind contribution of $20,000 from Bob Brady for Congress for payment of the Friends of Bob Brady's Voterlink and Black Blue Media debt, thereby violating §20-1006(4) of the Philadelphia Code.

   4.1.  The Brady Committee agrees to pay a civil penalty of $1,000 for failing to disclose the April 13, 2007 in-kind contribution of $20,000 from Bob Brady for Congress in its 2007 cycle 2 campaign finance report.

   4.2.  The Brady Committee agrees to amend its 2007 Cycle 2 campaign finance report to disclose to disclose the April 13, 2007 in-kind contribution of $20,000 from Bob Brady for Congress.

5.  The Brady Committee admits that on April 13, 2007, it accepted an excess contribution of $20,000 from Bob Brady for Congress, thereby violating §20-1002(9) of the Philadelphia Code.

   5.1.  The Brady Committee agrees to pay a civil penalty of $1,500 for accepting an excess contribution of $20,000 from Bob Brady for Congress on April 13, 2007.

6.  The Brady Committee admits that it made a material misstatement in its 2007 cycle 3 campaign finance reports by disclosing a May 8, 2007 in-kind contribution of $20,000 from the Finance Committee of the Philadelphia Democratic Executive Committee when the actual amount of the in-kind contribution was $23,921.95, thereby violating §20-1006(4) of the Philadelphia Code..

   6.1.  The Brady Committee agrees to pay a civil penalty of $1,500 for making a material misstatement in its 2007 cycle 3 campaign finance report regarding the May 8, 2007 in-kind contribution from the Finance Committee of the Philadelphia Democratic Executive Committee.

   6.2.  The Brady Committee agrees to amend its 2007 Cycle 3 campaign finance report to properly disclose the May 8, 2007 in-kind contribution from the Finance Committee of the Philadelphia Democratic Executive Committee.

7. The Brady Committee admits that on May 8, 2007, it accepted an excess contribution of $3,921.95, from the Finance Committee of the Philadelphia Democratic Executive Committee, thereby violating §20-1002(9) of the Philadelphia Code.

   7.1. The Brady Committee agrees to pay a civil penalty of $1,500 for accepting an excess contribution of $3,921.95, from the Finance Committee of the Philadelphia Democratic Executive Committee on May 8, 2007, in violation of §20-1002(9).

   7.2. The Brady Committee agrees to repay to the Finance Committee of the Philadelphia Democratic Executive Committee the excess contribution of $3,921.95.

8. The Brady Committee admits that on August 17, 2007, it accepted an excess contribution of $50,000 from Fumo for Senate, thereby violating §20-1002(9) of the Philadelphia Code.

   8.1. The Brady Committee agrees to pay a civil penalty of $1,500 for accepting an excess contribution of $50,000 from Fumo for Senate on August 17, 2007, in violation of §20-1002(9).

   8.2. The Brady Committee agrees to repay to Fumo for Senate the excess contribution of $50,000.

9. The Brady Committee admits that it failed to disclose in its 2006 cycle 7 campaign finance report a December 29, 2006 contribution of $20,000 from the Finance Committee of the Philadelphia Democratic Executive Committee, thereby violating §20-1006(4) of the Philadelphia Code.

   9.1. The Brady Committee agrees to pay a civil penalty of $1,000 for failing to disclose the December 29, 2006 contribution of $20,000 from the Finance Committee of the Philadelphia Democratic Executive Committee in its 2006 cycle 7 campaign finance report.

   9.2. The Brady Committee agrees to amend its 2006 Cycle 7 campaign finance report to disclose to disclose the December 29, 2006 contribution of $20,000 from the Finance Committee of the Philadelphia Democratic Executive Committee.

10. The Brady Committee admits that it failed to disclose in its 2007 cycle 2 campaign finance report a debt of $48,284.47 owed to Willig, Willaimson, & Davidson, thereby violating §20-1006(4) of the Philadelphia Code.

   10.1. The Brady Committee agrees to pay a civil penalty of $1,000 for failing to disclose the debt of $48,284.47 owed to Willig, Willaimson, & Davidson in its 2007 cycle 2 campaign finance report.

   10.2. The Brady Committee agrees to amend its 2007 Cycle 2 campaign finance report to disclose the debt of $48,284.47 owed to Willig, Willaimson, & Davidson.

11. The Brady Committee admits that it failed to disclose in its 2007 cycle 3 campaign finance report a debt of $61, 858.34 owed to Willig, Willaimson, & Davidson, thereby violating §20-1006(4) of the Philadelphia Code.

   11.1. The Brady Committee agrees to pay a civil penalty of $500 for failing to disclose the debt of $61, 858.34 owed to Willig, Willaimson, & Davidson in its 2007 cycle 3 campaign finance report.

   11.2. The Brady Committee agrees to amend its 2007 Cycle 3 campaign finance report to disclose the debt of $61, 858.34 owed to Willig, Willaimson, & Davidson.

12. The Brady Committee admits that it failed to disclose in its 2007 cycle 7 campaign finance a debt of $84,314.78 owed to Willig, Willaimson, & Davidson, thereby violating §20-1006(4) of the Philadelphia Code.

   12.1. The Brady Committee agrees to pay a civil penalty of $500 for failing to disclose the debt of $84,314.78 owed to Willig, Willaimson, & Davidson in its initial 2007 cycle 7 campaign finance report.

13. The Brady Committee admits that it made a material misstatement in its amended 2007 cycle 7 campaign finance reports by disclosing a debt of $39,620 owed to Willig, Williamson, & Davidson when the actual debt owed was $84,314.78, thereby violating §20-1006(4) of the Philadelphia Code..

   13.1. The Brady Committee agrees to pay a civil penalty of $250 for making a material misstatement in its 2007 cycle 7 campaign finance report regarding the debt owed to Willig, Willaimson, & Davidson.

   13.2. The Brady Committee agrees to amend its 2007 Cycle 7 campaign finance report to properly disclose the debt owed to Willig, Willaimson, & Davidson.

14. The Brady Committee admits that it failed to disclose in its 2007 cycle 3 campaign finance report a debt of $377,823.31 owed to Cozen O'Connor, thereby violating §20-1006(4) of the Philadelphia Code.

    14.1. The Brady Committee agrees to pay a civil penalty of $1,000 for failing to disclose the debt of $377,823.31 owed to Cozen O'Connor in its 2007 cycle 3 campaign finance report.

    14.2. The Brady Committee agrees to amend its 2007 Cycle 3 campaign finance report to disclose the debt $377,823.31 owed to Cozen O'Connor.

15. The Brady Committee admits that it failed to disclose in its initial 2007 cycle 7 campaign finance report a debt of $30,000 owed to 2040 Market St. Associates, thereby violating §20-1006(4) of the Philadelphia Code.

    15.1. The Brady Committee agrees to pay a civil penalty of $1,000 for failing to disclose the debt of $30,000 owed to 2040 Market St. Associates in its initial 2007 cycle 7 campaign finance report.

16. The Brady Committee admits that it failed to disclose in its amended 2007 cycle 7 campaign finance report a contribution of $10,000 from Local 98 COPE, thereby violating §20-1006(4) of the Philadelphia Code.

    16.1. The Brady Committee agrees to pay a civil penalty of $1,000 for failing to disclose the contribution of $10,000 from Local 98 COPE in its amended 2007 cycle 7 campaign finance report.

    16.2. The Brady Committee agrees to amend its 2007 Cycle 7 campaign finance report to disclose to disclose the contribution of $10,000 from Local 98 COPE.

17. The Brady Committee admits that it failed to disclose in its amended 2007 cycle 7 campaign finance report a contribution of $10,000 from the Laborer's District Council, thereby violating §20-1006(4) of the Philadelphia Code.

    17.1. The Brady Committee agrees to pay a civil penalty of $1,000 for failing to disclose the contribution of $10,000 from the Laborer's District Council in its amended 2007 cycle 7 campaign finance report.

    17.2. The Brady Committee agrees to amend its 2007 Cycle 7 campaign finance report to disclose to disclose the contribution of $10,000 from the Laborer's District Council.

18. The Brady Committee admits that it failed to disclose in its amended 2007 cycle 7 campaign finance report a contribution of $10,000 from the PFT Committee to Support Public Education, thereby violating §20-1006(4) of the Philadelphia Code.

    18.1. The Brady Committee agrees to pay a civil penalty of $1,000 for failing to disclose the contribution of $10,000 from the PFT Committee to Support Public Education in its amended 2007 cycle 7 campaign finance report.

    18.2. The Brady Committee agrees to amend its 2007 Cycle 7 campaign finance report to disclose to disclose the contribution of $10,000 from the PFT Committee to Support Public Education.

19. The Brady Committee admits that it failed to disclose in campaign finance reports filed with the Ethics Board the contributions listed in Exhibit A, thereby violating §20-1006(4) of the Philadelphia Code.

    19.1. The Brady Committee agrees to amend all relevant campaign finance reports in order to disclose the contributions and expenditures listed in Exhibit A.

20. The Brady Committee agrees that within 14 days of the execution of the Agreement it will file amended campaign finance reports with the Board as described in paragraphs 1.2, 2.2, 4.2, 6.2, 9.2, 10.2, 10.2, 11.2, 13.2, 14.2, 16.2, 17.2, 18.2, and 19.1.

21. The Parties agree that the Brady Committee owes the City of Philadelphia an aggregate civil penalty of $19,250, which shall be paid within 14 days of the execution of the Agreement.

22. The Parties agree that the Brady Committee must repay the following excess contributions by March 31, 2010:

    22.1. $3,921.95 from the Finance Committee of the Philadelphia Democratic Executive Committee; and
    22.2. $50,000 from Fumo for Senate.

23. In consideration of the above and in exchange for the Brady Committee's compliance with all of the terms of the Agreement, the Board agrees to waive any further penalties or fines against Brady Campaign for the violations described in the Agreement.

24. The Parties will not to make any public statements that are inconsistent with the terms of the Agreement.

25. If the Ethics Board is forced to seek judicial enforcement of the Agreement, the parties agree that the Brady Committee shall be liable for attorneys' fees and costs. Fees for time spent by Ethics Board staff attorneys shall be calculated based upon standard and customary billing rate in Philadelphia for attorneys with similar experience.

26. The Agreement contains the entire agreement between the Parties.

27. The Agreement shall become effective on execution by the Parties.

By the Board of Ethics of the City of Philadelphia:

Dated: 3/30/09

_____
Richard Glazer, Esquire
Chair

Dated: 3/30/09

_____
J. Shane Creamer, Jr., Esquire
Executive Director

By the Friends of Bob Brady

Dated: 3/30/09

_____
Hon. Bob Brady

Dated: 3/30/09

_____
Richard Maccarone, Treasurer

**Friends of Bob Brady**
**Summary of Undisclosed Contributions**

| Cycle | Deposit Date | Deposit Amount | Check Date | Check Number | Contributor Name | Contribution Amount |
|---|---|---|---|---|---|---|
| 7 | 12/22/2006 | $ 5,000 | 12/12/2006 | 1114 | John J. Turchi, Jr. / Mary Elizabeth Turchi | 5,000.00 |
| 7 | 12/22/2006 | $ 24,000 | 12/20/2006 | 1020 | Gerard P. Shotzbarger, Esquire | 1,000.00 |
| 7 | 12/22/2006 | $ 21,125 | 12/16/2006 | 3063 | Joan G. Szydlik | 25.00 |
| 7 | 12/22/2006 | $ 61,000 | 12/21/2006 | 2029 | Diana L. Koros | 2,500.00 |
| 2 | 3/21/2007 | $ 30,750 | 12/21/2006 | 1891 | Mark Spadaccino / Joyce S. Spadaccino | 1,500.00 |
| 2 | 3/5/2007 | $ 42,075 | 12/27/2006 | 458 | Donna Marie Quigley / Joseph C. Quigley | 25.00 |
| 2 | 1/30/2007 | $ 13,000 | 1/27/2007 | 1009 | William J. Summers | 500.00 |
| 2 | 2/12/2007 | $ 21,000 | 1/29/2007 | 30256 | Hanmar Associates 22 | 1,000.00 |
| 2 | 4/2/2007 | $ 9,500 | 1/31/2007 | 32971 | Pine Projects | 5,000.00 |
| 2 | 3/2/2007 | $ 10,000 | 2/12/2007 | 4165 | James D. Morrissey, Jr. | 1,000.00 |
| 2 | 2/23/2007 | $ 7,725 | 2/14/2007 | 156 | Lawrence J. Bozzelli | 150.00 |
| 2 | 3/2/2007 | $ 10,000 | 2/14/2007 | 1302 | Michael A. Meehan / Alice Meehan | 1,000.00 |
| 2 | 3/9/2007 | $ 6,990 | 2/16/2007 | 200 | Norman M. Valz | 60.00 |
| 2 | 3/5/2007 | $ 42,075 | 2/17/2007 | 106 | Dale Grundy | 50.00 |
| 2 | 3/15/2007 | $ 9,630 | 2/20/2007 | 2072 | Jon Marshall, Esquire | 30.00 |
| 2 | 3/9/2007 | $ 6,990 | 2/21/2007 | 673 | Phillip M. Kamieniecki | 30.00 |
| 2 | 3/21/2007 | $ 10,000 | 2/27/2007 | 2271 | Andrew E. Trolio / Philomena M. Trolio | 200.00 |
| 2 | 3/9/2007 | $ 9,150 | 2/28/2007 | 162 | Lawrence J. Bozzelli | 50.00 |
| 2 | 3/9/2007 | $ 6,990 | 3/1/2007 | 139 | Randall E. Diaz | 30.00 |
| 2 | 3/9/2007 | $ 6,990 | 3/1/2007 | 1530 | Maureen M. Abboud | 30.00 |
| 2 | 3/9/2007 | $ 6,990 | 3/3/2007 | 2062 | Mary Frances Fogg | 30.00 |
| 2 | 3/9/2007 | $ 6,990 | 3/3/2007 | 194 | William J. Green | 30.00 |
| 2 | 3/9/2007 | $ 6,990 | 3/4/2007 | 191 | Betty A. Townes | 30.00 |
| 2 | 3/9/2007 | $ 6,990 | 3/4/2007 | 111 | Frank S. Tamburrino | 30.00 |
| 2 | 3/9/2007 | $ 6,990 | 3/4/2007 | 279 | Margaret M. Green / William J. Green | 30.00 |
| 2 | 3/9/2007 | $ 6,990 | 3/4/2007 | 1250 | Thomas M. Nocella, Esq. | 30.00 |
| 2 | 3/9/2007 | $ 6,990 | 3/4/2007 | 1657 | David M. Magerr / Kathryn Magerr | 30.00 |
| 2 | 3/9/2007 | $ 6,990 | 3/4/2007 | 625 | Daniel J. Savage | 30.00 |
| 2 | 3/9/2007 | $ 6,990 | 3/4/2007 | 1052 | Frederick C. Druding, Jr. | 30.00 |
| 2 | 3/9/2007 | $ 6,990 | 3/4/2007 | 234 | Daniel D. McCaffery / Karen McCaffery | 30.00 |
| 2 | 3/9/2007 | $ 6,990 | 3/4/2007 | 680 | A. B. Dyk | 30.00 |
| 2 | 3/9/2007 | $ 6,990 | 3/4/2007 | 567 | Michael P. Fenerty | 30.00 |
| 2 | 3/14/2007 | $ 25,370 | 3/4/2007 | 266 | Frederick P. Santarelli | 30.00 |

Page 1 of 4

Friends of Bob Brady
Summary of Undisclosed Contributions

| Cycle | Deposit Date | Deposit Amount | | Check Date | Check Number | Contributor Name | Contribution Amount |
|---|---|---|---|---|---|---|---|
| 2 | 3/9/2007 | $ | 6,990 | 3/5/2007 | 1027 | Committee to Elect Judge Anne E. Lazarus for Superior Court | 30.00 |
| 2 | 3/15/2007 | $ | 9,630 | 3/9/2007 | 703 | Paul Carmichael | 30.00 |
| 2 | 4/27/2007 | $ | 5,870 | 3/11/2007 | 1280 | Jose Nazario / Elizabeth McCollum | 30.00 |
| 2 | 3/14/2007 | $ | 6,600 | 3/13/2007 | 116 | Irving I. Refkin or Naomi Lynn Howard | 50.00 |
| 2 | 3/14/2007 | $ | 6,600 | 3/13/2007 | 1584 | Naomi Lynn Howard | 50.00 |
| 2 | 4/6/2007 | $ | 12,610 | 3/22/2007 | 360 | Eric F. Spade | 50.00 |
| 2 | 3/26/2007 | $ | 12,625 | 3/24/2007 | 604 | James R. Nixon, Jr. | 25.00 |
| 2 | 4/25/2007 | $ | 6,900 | 3/31/2007 | 2093 | Steven C. Masturzo / Carolann Masturzo | 150.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/2/2007 | 3801 | John J. Caparco | 300.00 |
| 2 | 4/16/2007 | $ | 8,250 | 4/4/2007 | 672333031 | D. G. Mavyak | 500.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/9/2007 | 4149 | Joseph Giannone / Rita Giannone | 150.00 |
| 2 | 4/25/2007 | $ | 12,600 | 4/10/2007 | 6792 | George I. Clendaniel, Jr. / Martha W. Clendaniel | 500.00 |
| 2 | 4/25/2007 | $ | 12,600 | 4/10/2007 | 2456 | Susan Wenger Robbins | 600.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/12/2007 | 1270 | Joseph P. Marano | 150.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/12/2007 | 350 | Chris B. Caserio | 150.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/12/2007 | 336 | Beverly N. Muldrow Esq. | 150.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/12/2007 | 331 | Robert Levant / Kathleen Martin | 100.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/12/2007 | 5364 | Rita L. Presti / Carmen J. Presti | 300.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/12/2007 | 1384 | Philomena DiGiorgio | 300.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/12/2007 | 6714 | Frank C. DePasquale / Lisa A. DePasquale | 150.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/12/2007 | 2907 | William B. Carey, Jr. | 150.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/12/2007 | 2550 | Lisa Marie Deeley | 150.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/12/2007 | 2986 | Robert M. Gamburg | 150.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/12/2007 | 2391 | Joseph P. Capone | 150.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/12/2007 | 842 | George Bonafino | 500.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/12/2007 | 1273 | Stuart A. Carpey / Laura C. Carpey | 500.00 |
| 2 | 4/25/2007 | $ | 6,900 | 4/12/2007 | 2009 | Joseph M. Jancuska / Susan Jancuska | 1,000.00 |
| 2 | 4/25/2007 | $ | 12,600 | 4/13/2007 | 3633 | Eileen or Ron Ricks | 1,000.00 |
| 2 | 4/19/2007 | $ | 65,250 | 4/13/2007 | 1397 | Cynthia L. Breslin | 5,000.00 |
| 2 | 4/25/2007 | $ | 12,600 | 4/16/2007 | 4687 | Jeffrey R. Lewis / Karen Judd Lewis | 1,000.00 |
| 2 | 4/25/2007 | $ | 12,600 | 4/16/2007 | 1716 | Joseph P. O'Neill / Linda A. O'Neill | 1,000.00 |
| 2 | 4/25/2007 | $ | 12,600 | 4/16/2007 | 782 | Gerald A. Catania / Anna M. Catania | 500.00 |

**Friends of Bob Brady**
**Summary of Undisclosed Contributions**

| Cycle | Deposit Date | Deposit Amount | Check Date | Check Number | Contributor Name | Contribution Amount |
|---|---|---|---|---|---|---|
| 2 | 4/23/2007 | $ 21,500 | 4/16/2007 | 1024 | Todd L. Baritz / Erica R. Baritz | 500.00 |
| 2 | 4/25/2007 | $ 6,900 | 4/17/2007 | 2184 | Roopal Patel | 150.00 |
| 2 | 4/25/2007 | $ 12,600 | 4/19/2007 | 116 | Andrew Cosenza | 2,000.00 |
| 2 | 4/25/2007 | $ 6,900 | 4/20/2007 | 1543 | Col. Paul D. Eisen | 100.00 |
| 3 | 5/1/2007 | $ 17,400 | 4/30/2007 | 705 | Lawrence M. Farnese, Jr. | 50.00 |
| 3 | 5/1/2007 | $ 17,400 | 4/30/2007 | 336 | Heather Lee Lutkzer | 50.00 |
| 3 | 5/1/2007 | $ 17,400 | 4/30/2007 | 4569 | Larry M. Giglio, Jr. | 50.00 |
| 3 | 5/10/2007 | $ 58,075 | 5/1/2007 | 1325 | Scott Solomon | 25.00 |
| 3 | 5/9/2007 | $ 53,800 | 5/8/2007 | 2965 | K. H. Moberg | 50.00 |
| 3 | 5/4/2007 | $ 40,350 | 5/1/2007 | 643 | John E. Majewicz | 25.00 |
| 3 | 5/4/2007 | $ 40,350 | 5/3/2007 | 2661 | Ruth L. Baker | 50.00 |
| 3 | 5/4/2007 | $ 40,350 | 5/2/2007 | 4113 | Evan Seymour | 50.00 |
| 2 | 4/25/2007 | $ 12,600 | 4/22/2007 | 790 | Gerald A. Catania / Anna M. Catania | 1,000.00 |
| 2 | 4/25/2007 | $ 6,900 | 4/22/2007 | 1603 | Andre C. Stephano | 250.00 |
| 2 | 4/25/2007 | $ 12,600 | 4/23/2007 | 180 | Friends of Dan Anders | 2,500.00 |
| 2 | 4/25/2007 | $ 12,600 | 4/23/2007 | 108 | Martha L. Ciafre | 300.00 |
| 2 | 4/25/2007 | $ 12,600 | 4/23/2007 | 360 | Roger K. Ciafre | 200.00 |
| 2 | 4/25/2007 | $ 12,600 | 4/24/2007 | 1179 | Roofers Local 30 Political Action & Educational Fund | 2,000.00 |
| 2 | 4/25/2007 | $ 6,900 | 4/24/2007 | 1292 | Michael J. Stack, Jr. | 1,000.00 |
| 2 | 4/30/2007 | $ 19,700 | 4/29/2007 | 1106 | Frederick C. Druding, Jr. | 20.00 |
| 2 | 4/24/2007 | $ 12,950 | | 3532 | Leonard S. Kahn | 500.00 |
| | | | | | **Total Undisclosed Contributions** | **$ 45,305.00** |

**Friends of Bob Brady**
**Summary of Undisclosed Contributions**

| Cycle | Deposit Date | Deposit Amount | Check Date | Check Number | Contributor Name | Contribution Amount |
|---|---|---|---|---|---|---|

*Other Adjustments*

| Cycle | Deposit Date | Deposit Amount | Check Date | Check Number | Contributor Name | Contribution Amount |
|---|---|---|---|---|---|---|
| 7 | 12/22/2006 | $ 146,500 | 12/21/2006 | 1018 | Society for Leading Legislation of Transportation (On report at $5,000, actual check is $10,000) | 5,000.00 |
| 7 | 12/22/2006 | $  61,000 | 12/21/2006 | 2029 | Diana L. Koros (On report at $1,000, actual is $2,500) | 1,500.00 |
| 7 | 12/22/2006 | $  61,000 | 12/21/2006 | 6552 | Martin J. Sobol (On report at $1,000, actual is $2,500) | 1,500.00 |
| 7 | 12/22/2006 | $  61,000 | 12/21/2006 | 1964 | Robert A. Borski, Jr. (On report at $1,000, actual is $2,500) | 1,500.00 |
| 2 | 4/23/2007 | $   8,700 | 4/16/2007 | 1231 | George A. Bochetto (On report at $250, actual check is $500) | 250.00 |
| 2 | 4/30/2007 | $  41,000 | 4/24/2007 | 222 | John Petrongolo (On report at $5,000, actual check is $500) | (4,500.00) |

| | Adjusted Total Undisclosed Contributions | $     50,555.00 |
|---|---|---|