IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :
                                :
                                :   CRIMINAL NO. 17-00563-JD
                                :
v.                              :
                                :
KENNETH SMUKLER                 :
                                :

## ORDER

AND NOW, this _____ day of _____ 2018, it is hereby ORDERED and DECREED that Defendant, KENNETH SMUKLER'S Motion to bar the Government from introducing in evidence in its Case-in-Chief any documents or testimony concerning prior crimes or bad acts is hereby Granted.

BY THE COURT:


HONORABLE JAN E. DUBOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| KENNETH SMUKLER | : | NO. 17-00563 |
| | : | |

**DEFENDANT, KENNETH SMUKLER'S MEMORANDUM IN SUPPORT OF MOTION TO BAR THE GOVERNMENT FROM INTRODUCING CERTAIN EVIDENCE RELATING TO PRIOR CRIMES OR BAD ACTS**

Defendant, KENNETH SMUKLER, by and through his attorney, BRIAN J. MCMONAGLE, ESQUIRE, respectfully moves this Court for an Order barring the Government from introducing at trial certain proposed evidence relating to prior crimes of the Defendant on the basis that said evidence is inadmissible pursuant to Rules 404(b) and Rule 403, Federal Rules of Evidence.

On October 17, 2018, the Government filed a motion for admission of evidence of other acts pursuant to Federal Rule of Evidence 404(b) in order to introduce evidence that the defendant had previously violated campaign laws during Congressman Brady's 2007 mayoral campaign. This evidence should be excluded at this trial for the reasons set forth below.

## ARGUMENT

The Government's proposal to introduce the evidence in question into evidence in its case-in-chief is so startling that defendant hardly knows how to respond. After first indicting Mr. Smukler for alleged criminal violations of the campaign finance laws during the 2012 Democratic primary race involving Congressman Robert Brady, the government filed a superseding indictment alleging campaign finance violations in connection with the 2014 Congressional primary campaign of Marjorie Margolies. Not content with the benefit derived and the prejudice caused by the joinder of criminal accusations, the Government now seeks to introduce evidence that Mr. Smukler has a propensity for violating campaign finance laws. Enough is enough.

Federal Rule of Evidence, 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character."

In *Michaelson v. United States*, 335 U.S. 469, 476, 69 S.Ct 213, 93 L.Ed 168, our nation's highest court espoused the view that "logically speaking, it is quite clear that an antecedent bad character would form quite as reasonable a ground for the presumption and probability of guilt as a previous good character lays the foundation of innocence." As the Supreme Court said in *Huddleston vs. United States*, 485 U.S. 681, 685, 99 L.Ed.168 ( 2d 771, 780, 108 S.Ct. 1496 (1988), the rule "generally prohibits" the introduction of extrinsic acts that might adversely reflect on the actor's character,

unless that evidence is sufficiently probative under Rule 403 such that it's probative value is not outweighed by any inherent danger of unfair prejudice.

Without going on at length, there is no doubt that our Circuit has been traditionally zealous in guarding a defendant's right not to have evidence of other crimes improperly introduced, See e.g. *United States vs. Schwartz*, 790 F.2d 1059 (3rd Circuit 1986); *United States vs. Pantone*, 609 F.2d 675 3rd Cir. (1979); *United States vs. Cook*, 538 F.2d 1000 3d. Cir. (1976); *United States vs. Jacangelo*, 281 F.2d 574 3rd Cir (1960). In *United States v. Murray*, 103 F.3rd 310 (1997), our Circuit articulated the view that trial judges should exercise great care before admitting evidence that is allowed by Rule 404(b). In *Murray*, the trial Court admitted evidence under Fed. R. Evid. 404(b) and 403 that he had committed a Murder not charged in the indictment. In *Murray*, as in the instant case, the prosecution sought to introduce evidence of an uncharged crime that had occurred in the past which was similar in terms of the Modus Operandi of the case at trial.

In reversing the conviction, the Third Circuit stressed that 404(b) evidence carries a substantial danger of unfair prejudice and thereby raises serious questions under Federal Evidence Rule 403. Moreover, the Court in *Murray* advised the trial Courts to insist that a party offering Rule 404(b) evidence set forth with specificity a clear explanation for the admissibility of such evidence.

More recently, in *United States v. Caldwell*, 760 F.3d 267 (2014), the court traced the history of juristic review of prior criminal acts and recognized that "over time courts and commentators came to appreciate the uniquely prejudicial impact that prior bad act evidence has on a jury." The court in *Caldwell* stressed that "a proponent's

incantation of the proper uses of [prior act] evidence...does not automatically transform inadmissible evidence into admissible evidence." (quoting from *United States v. Morley*, 199 F.3d 129,133 (3d Cir.1999). The *Caldwell* court astutely observed "the task is not merely 'to find a pigeon hole in which the proof might fit in, but to actually demonstrate that the evidence proves something other than propensity. (quoting Mueller, *Federal Evidence* sec. 4:28, at 731. As such, "in proffering such evidence, the government must explain how it fits into a chain of inferences that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." *Caldwell*, supra, quoting *United States v. Davis*, 726 F.3d 434,442, (3d Cir. 1992).

Recognizing, the enormous prejudice occasioned by the introduction of such evidence, our courts have been vigilant in protecting citizens from propensity evidence. Prior act evidence is inadmissible unless the government can demonstrate that the evidence is (1) offered for a proper non-propensity purpose; (2) relevant to that identified purpose; and (3) sufficiently probative under Rule 403 such that its probative value is not outweighed by any inherent danger of unfair prejudice. *United States v. Huddleston*, 485 U.S. 681, 691-92, 108 S.Ct. 1496, 99 L.Ed 2d 771 (1988*); United States v. Davis, supra; United States v. Caldwell, supra*. An application of the aforementioned formula to the proffered evidence in the instant case compels the conclusion that the evidence must be excluded.

In the instant case the government first indicted the defendant on allegations that he engaged in campaign finance violations and related offenses in connection with the 2012 Pennsylvania Democratic primary race for the position of U.S Congressman in which Bob Brady was running against Jimmie Moore. Thereafter, the government filed a

superseding indictment charging the defendant with similar offenses in connection with the 2014 congressional primary involving Marjorie Margolies. As such, Mr. Smukler is already facing the enormous prejudice of being placed on trial before a jury who will be presented with evidence that the defendant allegedly engaged in two separate and distinct criminal episodes involving violations of the campaign finance laws. To add insult to injury, the government now seeks the court's blessing to introduce a third criminal episode before the same jury. In fact, they seek the Court's permission to introduce evidence that the defendant had previously been caught and punished for the same conduct for which he is now being charged. Specifically, they to introduce evidence that the defendant had violated the campaign finance laws in 2007, while trying to get Bob Brady elected as mayor of Philadelphia. This is a blatant attempt by the government to use a prior bad act to show the defendant's propensity to commit the crime charged, and to thereby prejudice this jury in an incurable way.

The government attempts to mask this propensity evidence as evidence "offered to show willfulness, knowledge and intent. However, the government cannot run from the fact that this is propensity evidence, as they concede in their motion that "even assuming the evidence could hypothetically be used to suggest propensity…that is true of virtually any evidence properly offered under 404(b) to prove a non-propensity point." Moreover, the government ignores the fact that they have by design already prejudiced the defendant by bringing together two separate and independent criminal events into this case.

Most importantly, the government can offer no argument to prove that the introduction of this evidence is not unduly prejudicial. It is beyond cavil that exposing

this jury to a third and separate allegation that Mr. Smukler violated the campaign finance laws will prejudice the defendant to a point where it will be impossible for him to receive a fair trial.

WHEREFORE, Defendant Kenneth Smukler, respectfully requests that this Court grant his motion to bar the Government from introducing evidence of a prior campaign finance violation at his trial.

Respectfully submitted,

BRIAN J. MCMONAGLE, ESQUIRE
Attorney for Defendant

I hereby certify that a true and correct copy of the foregoing motion has been served by Electronic Court Filing upon Eric Gibson, AUSA.

> BRIAN J. MCMONAGLE, ESQUIRE
> Attorney for Defendant
>
> */s/ Brian J. McMonagle/*

Dated: October 22, 2018