IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  17-00563-JD |
| | : | |
| KENNETH SMUKLER | : | |

### SUPPLEMENT TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE IMPROPER CHARACTER EVIDENCE AND IMPROPER ARGUMENT

The United States of America, by and through its undersigned attorneys, respectfully moves to preclude the defendant, Kenneth Smukler, from presenting or eliciting evidence, comment, or argument concerning the absence of Robert Brady or Wilson Goode, Sr. from this trial.

**I.   Background**

This Court previously accepted guilty pleas from Jimmie Moore, Carolyn Cavaness, and Donald "D.A." Jones in relation to this matter.[1]  The immediate trial will consist of charges against Smukler only.

At the pre-trial conference held before the Court on November 5, 2018, counsel for Smukler indicated his intent to present argument to the jury regarding the fact that Brady and Goode were not similarly charged.  This should not be permitted.

---

[1]    Though unpersuasive as to the issue at hand, notwithstanding Smukler's suggestion to the contrary, the United States seeks to correct the record as to the charges filed against Smukler's co-conspirators.  An Information charged Cavaness with a falsification scheme, in violation of 18 U.S.C. §§ 2, 1001(a)(1), and expressly alleged that she "*conspired* to conceal from the FEC three payments totaling $90,000."  No. 17-CR-333, Dkt. 1 (emphasis added).  A separate Information charged Moore with the same falsification scheme, in violation of 18 U.S.C. §§ 2, 1001(a)(1), and expressly alleged that he "*agreed to* conceal from the FEC three payments totaling $90,000."  No. 17-CR-479, Dkt. 1 (emphasis added).  Jones was indicted, along with Smukler, and charged, *inter alia*, with conspiracy in violation of 18 U.S.C. § 371.  No. 17-CR-563, Dkt. 1.  Jones subsequently entered a plea of guilty before this Court for lying to federal agents about the scheme.  No. 17-CR-563, Dkt. 25.

## II. Discussion

Argument that the jury should infer any conclusion from the absence of Brady or Goode would be impermissible because it would serve only to encourage the jury to speculate on the reasons for their absences, which, in turn, would serve only to confuse the jury about the issues before them and to lead the jury into improper speculation about matters outside the realm of this trial. Only Smukler, and no one else, is on trial here. The reasons for Brady's and Goode's absences are immaterial and irrelevant to the jury's consideration of the charges against Smukler.

Indeed, the introduction of any evidence regarding Brady's or Goode's absence would violate Federal Rules of Evidence 401 and 402. Rule 401 defines "relevance" as "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable," while Rule 402 provides that irrelevant evidence is inadmissible. Evidence as to the government's charging decisions with respect to Brady or Goode has no tendency to make the existence of any fact related to Smukler's guilt more or less probable, and, therefore, it is not admissible.

Apart from being irrelevant, evidence of the government's charging decisions with respect to third parties is inadmissible under Federal Rule of Evidence 403. The question at trial is whether Smukler is guilty of the charged offenses, not whether others may also be guilty of those offenses. Thus, allowing Smukler to elicit testimony or make arguments about charging decisions regarding these individuals would do nothing more than "open the door to evidence on collateral issues that would likely confuse the jury." *United States v. Delgado*, 903 F.2d 1495, 1499 (11th Cir. 1990); *see also, e.g.*, *United States v. Morel*, 751 F. Supp. 2d 423, 435 (E.D.N.Y. 2010) (finding that reference to the declinations of prosecution of third parties would create a "substantial" risk of confusion); *Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 325 (S.D.N.Y. 2009)

2

(excluding references to nonparty allegations where introduction posed risk of turning trial into a "multi-ringed sideshow of mini-trials on collateral issues" (internal quotation marks omitted)).

This accords with the instructions proposed by both the United States *and* the defendant, informing the jury:

> "You are here to determine whether the government has proven the guilt of the defendant for the charges in the indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons. So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendant for the crimes charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty."

Dkt. 117, at 77 (citing O'Malley, et al., *Federal Jury Practice and Instructions*, § 12.11 (6th ed. 2010)); Dkt. 122, at 84 (citing O'Malley, et al., *Federal Jury Practice and Instructions*, § 12.11 (2010)). This has been identified as "[a] widely accepted federal pattern jury instruction," *Nadeau v. Matesanz*, 289 F.3d 13, 16 (1st Cir. 2002) (citing O'Malley, et al., *Federal Jury Practice and Instructions*, § 12.11 (2000)), and routinely given by district courts in the Third Circuit, *see, e.g.*, *United States v. Carr*, 2016 WL 4087248, at *7 (E.D. Pa. Aug. 1, 2016); *United States v. Humbert*, 2007 WL 2173392, at *7 (E.D. Pa. July 27, 2007), *aff'd*, 336 F. App'x 132 (3d Cir. 2009). Thus, to allow Smukler to present or elicit evidence, comment, or argument regarding Brady's or Goode's absence from this trial would not only contravene the Federal Rules of Evidence but also the widely accepted jury instructions proposed by both parties in this case.

Furthermore, the Third Circuit adheres to the almost universal rule against arguments that ask the jury to decide a criminal case on extraneous matters, that is, to engage in jury nullification. *E.g.*, *United States v. DeMuro*, 677 F.3d 550, 565 (3d Cir. 2012) (concluding that the district court properly "excluded this evidence because it opened the door to jury nullification" through speculation on extraneous matters); *United States v. Perez*, 459 F. App'x 191, 198 (3d Cir. 2012)

(holding that the district court did not abuse its discretion in excluding evidence that "pose[d] an improper risk of jury nullification"). Indeed, this Court already ruled to "preclude [Smukler] from presenting evidence or argument solely relevant to jury nullification." Dkt. 131, at 5; *cf. United States v. Sepulveda*, 15 F.3d 1161, 1190 (2nd Cir. 1993) ("A trial judge . . . may block defense attorneys' attempts to serenade a jury with the siren song of nullification."). Evidence regarding the government's charging decisions could only be used by the defense in an improper attempt to encourage jury nullification of the present charges, by arguing or insinuating that jurors should acquit the defendant because other supposedly culpable persons were not charged. *See, e.g.*, *United States v. Gallardo*, 2015 WL 832287, at *5 (N.D. Ill. Feb. 25, 2015) (granting government's motion in limine to preclude the defendant "from arguing or presenting evidence designed to invite jury nullification," such as with regard to prosecutorial charging decisions); *United States v. Arroyo*, 2012 WL 1243224, *1 (N.D. Ill. 2012) (granting government's motion in limine to "bar argument or evidence designed to elicit jury nullification, including . . . argument or evidence relating to the Government's charging decisions"); *cf. Delgado*, 903 F.2d at 1499 (refusing to permit defense to introduce evidence of government's decision not to pursue charges against another conspirator as an admission of the defendant's innocence in that conspiracy). Any comment, argument, or evidence regarding Brady's and Goode's absences fall into the impermissible category of encouraging jurors to disregard the law and the above-described instructions. *See United States v. Boone*, 458 F.3d 321, 328 n.2 (3d Cir. 2006); *accord United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) ("Nullification is, by definition, a violation of a juror's oath to apply the law as instructed by the court.").

### III.     Conclusion

For the reasons stated above, the defense should be precluded from presenting or eliciting evidence, comment, or argument regarding the absence of Brady and Goode from this trial.

Respectfully submitted,

| | |
|---|---|
| WILLIAM M. McSWAIN<br>United States Attorney for the<br>Eastern District of Pennsylvania | ANNALOU TIROL<br>Acting Chief<br>Public Integrity Section |
| s/_____<br>Eric L. Gibson<br>Assistant United States Attorney | s/_____<br>Richard Pilger<br>Director, Election Crimes Branch<br>Rebecca Moses<br>Trial Attorney<br>Public Integrity Section<br>Criminal Division<br>U.S. Department of Justice |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served by Electronic Court Filing upon Brian McMonagle, Esq., counsel for defendant Kenneth Smukler.

/s/     *Rebecca Moses*
REBECCA MOSES
Trial Attorney