# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  17-00563-JD |
| | : | |
| KENNETH SMUKLER | | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

The United States responds briefly to defendant Kenneth Smukler's sentencing memorandum.  Smukler's objections to the PSR fail as matter of law.  His arguments proffered in support of a downward variance and a probationary are inadequate and at odds  with the statutory law governing sentencing in criminal matters.  *See* 18 U.S.C. § 3553(a).  Specifically, defendant is incorrect that a substantial sentence of imprisonment is somehow  novel for the prosecution of election crime offenses.  In fact, the only just and appropriate sentence that this Court can impose  to deter this defendant and others from repeated, calculated, and serious election crimes is a sentence of incarceration consistent with the Sentencing Guidelines.  This defendant twice corrupted the fairness of federal elections (without even counting his prior, uncharged but relevant conduct).  The defendant's crimes and the impact of such behavior on the electoral process are among the type of corruption offenses posing the most serious threat to our democratic electoral process.  Accordingly, the occasion of a public sentencing of this defendant must, under Section 3553(a), be taken as an opportunity to demonstrate both the Court's and the country's appreciation of the seriousness of his crimes, and the federal criminal law's capacity to effectively vindicate and defend the integrity of our electoral process.  *See, e.g., United States v.*

*Barnes*, 890 F.3d 910, 929 (10th Cir. 2018) (noting the need to take seriously "crime[s] against the public trust in the fairness and integrity of government" (internal quotation marks omitted)).

The defendant spends much of his submission detailing purported good acts unrelated to his repeated crimes.[1]  That  the well-resourced defendant has pursued  some sort of philanthropic activity  as an entrée and credential in the political process is not a justification for a downward variance, particularly in this case.  To the extent that these purported acts of beneficence are a function of and concomitant with his personal resources, "socio-economic status," is not properly considered in sentencing, either *for* the defendant to excuse his conduct, or *against* the defendant, even where transparently part of his life-long pursuit of influence in the political arena.  *See* U.S.S.G. § 5H1.10 (socio-economic status is irrelevant); *cf. United States v. Odom*, 3:12-cr-00076, Sentencing Tr. at 2 (N.D. Fla. April 23, 2013) (imposing imprisonment and fine after noting "[i]t is necessary to balance the good you have done in your life with this particular offense) (copy attached as Exhibit to Sentencing Memorandum).

Further, the declaration of a presumably-paid expert presented by the defendant in his Sentencing Memorandum (declaration of Scott Thomas) is simply a legal attack on the careful, repeated judgments of this Court before and during trial.  As this Court repeatedly ruled, the statutes at issue presented crimes justiciable by a properly instructed jury in this Court.  The proffered declaration has no place in these sentencing proceedings under Section 3553(a).

---

[1]    The defendant also submitted a number of letters of support that request a lenient sentence. While the Court can and should consider them, such letters are not atypical and often are of less value in fashioning a sentence than other factors. *See, e.g.*, *United States v. Deason*, 622 F. App'x 350, 358 (5th Cir. 2015) (upholding refusal to vary based upon, inter alia, "letters of support submitted by his friends and family"); *United States v. Gilmore*, 2012 WL 1377625, at *7 (W.D. La. Apr. 18, 2012) (noting that the defendant "has done good works in the community, but so have many others who have appeared before this Court, particularly those charged with white-collar crimes"); *cf. United States v. Sorenson*, 233 F. Supp. 3d 690, 703 (S.D. Iowa)  (underscoring that the "[d]efendant cannot escape an otherwise just sentence by propping up his family to invoke undue sympathy"), *aff'd*, 705 F. App'x 481 (8th Cir. 2017).

Moreover, the declaration itself is wholly at odds and inconsistent with repeated representations by Smukler's friends, family, and associates in letters to this Court that he is remorseful and appreciates the gravity of his criminal misconduct.

Moreover, defendant's argument that imprisonment is inappropriate for Smukler's crimes is fundamentally flawed upon even a cursory review of the Sentencing Guideline recommendations established by Congress.  Nor does defendant fairly or appropriately equate the sentence he has earned with the sentence imposed upon Dinesh D'Souza in the Southern District of New York.  Most significantly, D'Souza pled guilty as opposed to Smukler who lied to a jury of his peers and was convicted nonetheless.

### Incarceration is Appropriate

Instead, the benchmark in the Third Circuit is *United States v. Bigica,* 543 F. App'x 239 (3d Cir. 2013) (60 months imprisonment after guilty plea for tax evasion and conduit contribution conspiracy).  As the United States District Court stated in her sentencing opinion for *Bigica*, "The [FECA violation] was a very serious crime. The election law goes to the heart of what we are as a nation. We have laws that ban this kind of behavior for a reason.  In a democracy an honest election is something of extraordinary value.  Defendant's crime was a very serious one, and it was not a victimless crime. The victims here are everybody who is a citizen of this country."  *United States v. Joseph Bigica*, 2:12-cr-00318 (D. N.J.), Dkt. 15 at 23, January 10, 2013.

Nor is the Third Circuit alone recognizing the seriousness of campaign finance crimes like Smukler's.  In addition to *Bigica*, the following campaign finance prosecutions have resulted in sentences of incarceration:

    1.    *United States v. Jay Odom*, 3:12-cr-00076 (N.D. Fla.):  On February 12, 2013,

Odom pleaded guilty to causing a presidential campaign committee to make a false statement to the FEC.  Odom solicited employees of his business entities and their family members to each make the maximum allowable contributions to the authorized campaign committee of a presidential candidate, then used his personal funds to reimburse the contributions (totaling $23,000).  Odom was sentenced to 6 months in prison for his $23,000 violation.

2.      *United States v. Marybeth Feiss*, 0:11-cr-60282 (S.D. Fla.):  On February 17, 2012, Feiss pleaded guilty to conspiracy to violate FECA and to defraud the United States. Feiss, an administrative assistant to an attorney named Scott Rothstein, helped Rothstein to organize events, such as functions for political candidates, and assisted in the collection of campaign contributions made at those events. Feiss also made contributions to various political campaigns that Rothstein then reimbursed using money from his law firm.  The District Court sentenced Feiss *to 6 months in prison.*

3.      *United States v. Christopher Tigani*, 1:11-cr-00042 (D. Del.):  On June 9, 2011, Tigani, the former President of N K S Distributors, Inc. (ANKS@), pleaded guilty to violating FECA by soliciting numerous NKS employees to make at least $219,800 in political contributions to candidates running for President; U.S. Senate; Governor, Lieutenant Governor, and Treasurer of Delaware; Delaware Senate; and Delaware General Assembly.  Tigani used company non payroll checks to reimburse the conduits for the contributions they made.  The District Court sentenced Tigani to two years in prison.

4.      *United States v. Joseph Vas & Melvin Ramos*, 2:09-cr-00370 (D. N.J.):  In October 2010, Vas, a former mayor of Perth Amboy, was convicted by a jury of, among other things, accepting contributions to a federal candidate in the names of others; Ramos, Vas's longtime aide, was convicted of, among other things, making contributions to a federal candidate

in the names of others and making false statements to the FEC.  Vas and Ramos misappropriated $360,000 in affordable housing funds, $75,000 of which Vas used to fund his 2006 congressional primary campaign.  Ramos used four straw donors to contribute between $2,000 and $2,100 each to Vas's campaign (contributions Vas knew to be in violation of federal law), then filed false and fraudulent reports with the FEC regarding the contributions.  The District Court sentenced Vas to two years in prison for the FECA violation, and sentenced Ramos to 37 months in prison.

    5.    *United States v. F. Harvey Whittemore*, 3:12-cr-58 (D. Nev.):  In 2007, defendant Whittemore allegedly promised to raise $150,000 in campaign contributions for United States Senator Harry Reid's re-election campaign for the United States Senate.  To make good on his promise, and within a period over several days, Whittemore allegedly personally funded over $133,000 through twenty-nine employees of his real estate development company, various family members, and their respective spouses as conduit donors to the Senator's campaign in order to bypass the individual campaign contribution limits on Whittemore under federal law. Whittemore, his wife and his sister also contributed their personal maximum contributions of $4,600 each ($13,800) at the same time. He then allegedly transferred the combined contributions to the Senator's campaign committee.  In keeping with federal law, the campaign committee filed a required contribution report with the Federal Election Commission ("FEC") on April 15, 2007. This report allegedly contained false information identifying Whittemore's employees, family members, and their respective spouses, rather than Whittemore himself, as the source of the campaign funds.

On May 29, 2013, after a two-week trial, the jury convicted Whittemore of  (1) making excessive campaign contributions in violation of 2 U.S.C. § 441a(a)(1); (2) making contributions in the name of another in violation of 2 U.S.C. § 441f ; and (3) false statement to a federal agency in violation of 18  18 U.S.C. § 1001(a)(2).  In that case, the United States District Court also rejected probation as inappropriate in light of the grave nature of the offense as an assault on the fundamentals of democracy, and imprisoned the defendant for 24 months with a $100,000 fine on top.  *Id*. Sentencing Tr. at 174 (September 30, 2013).

### Smukler's Conduct Warrants a Sentence of Incarceration as Recommended by the Guidelines

In this case, of course, there are *not only* conduit crimes warranting imprisonment like in the cases cited above, but also a raft of additional schemes, misconduct and obstruction including bribing a candidate to leave a federal race, diverting general election funds into a primary, and extensively covering up all of the repeated and calculated crimes committed by this defendant.

The jury found the defendant is a criminal who offended repeatedly.  A substantial sentence of imprisonment and fine, consistent with the government's Sentencing Memorandum and recommendation, is necessary to protect the electoral process and the government's interest in defending its integrity in accord with the law established by Congress and the Supreme Court. The community of political operatives will be closely following this case in order to assess the risk of committing federal campaign finance crimes.  More importantly, the public needs to know whether this nation's elections really are fair and worthy of their participation.

Accordingly, the government recommends a significant sentence of imprisonment within the applicable sentencing Guidelines and a substantial fine.

Respectfully submitted,

| | |
|---|---|
| WILLIAM M. McSWAIN | ANNALOU TIROL |
| United States Attorney for the | Acting Chief |
| Eastern District of Pennsylvania | Public Integrity Section |
| | |
| s/ *Eric L. Gibson* | s/ *Richard Pilger* |
| Eric L. Gibson | Richard Pilger |
| Assistant United States Attorney | Director, Election Crimes Branch |
| | Rebecca Moses |
| | Trial Attorney |
| | Public Integrity Section |
| | Criminal Division |
| | U.S. Department of Justice |

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this Sentencing Memorandum has been served electronically on the

counsel of record:

Brian J. McMonagle, Esquire
MCMONAGLE, PERRI, MCHUGH & MISCHAK, P.C.
1845 Walnut Street, Floor 19
Philadelphia, PA 19103
Phone: (215) 981-0999
Fax: (215) 981-0977


*/s Eric L. Gibson*
ERIC L. GIBSON
Assistant United States Attorney


DATED:  <u>May 2, 2019</u>

- 8 -